## Sixty-Second Street.

*Road law—Change of grade—Damages—Instructions.*

A verdict and judgment for a municipality in a proceeding to recover damages for the change of grade of a street, will be affirmed, where the jury were instructed to ascertain the effect of the grading of the street upon the particular piece of land in question in view of its location with reference to the surrounding land and to open and plotted streets, and the uses to which it might be adapted; and, if they found that the plaintiff was entitled to recover, to render a verdict for the difference between the fair market value of the land before the grading was done and its market value after.

Argued Jan. 10, 1906. Appeal, No. 249, Jan. T., 1905, by plaintiff, from ·judgment of C. P. No. 4, Phila. Co., March T., 1902, No. 3,408, on verdict for defendant in case of Change of Grade of Sixty-Second Street from Race Street to Vine Street in the city of Philadelphia. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Appeal from report of jury of view. Before WILLSON, P. J. The opinion of the Supreme Court states the case.

Verdict and judgment for defendant. Plaintiff appealed.

*Errors assigned* were various instructions.

*Trevor T. Matthews*, for appellant.—Experts in a road case, in giving the before value, cannot take into consideration the effect upon the value of the property of the paper change of grade prior to the actual change: Ogden v. Phila., 143 Pa. 430 ; Jones v. Bangor Borough, 144 Pa. 638; Clark v. Phila., 185 Pa. 503.

*John H. Maurer*, assistant city solicitor, with him *John L. Kinsey*, city solicitor, for appellee,

OPINION BY MR. JUSTICE FELL, February 26, 1906 :

The specifications of error are founded on a single exception allowed to the charge and they bring up for review only the instruction given to the jury. The action was to recover damages alleged to have been occasioned by the grading of a city street. The grade was established in 1880. The plaintiff became the owner of the land in 1900. The actual grading was

done in 1902. The question of fact at the trial was whether the plaintiff's land had been injured. The jury were instructed to ascertain the effect of the grading of the street upon the particular piece of land in question, in view of its location with reference to the surrounding land and to open and plotted streets and the uses to which it might be adapted; and, if they found that the plaintiff was entitled to recover, to render a verdict for the difference between the fair market value of the land before the grading was done and its market value after. This was a clear statement of the rule for the measure of damages in such a case.

The judgment is affirmed.